CHRESTENSEN, Administrator, Appellant, v. HARMS et al., Respondents.

(164 N. W. 1027.)

(File No. 3877.   Opinion filed November 12, 1917.)

1. **Master and Servant—Employee, Whether Acting as Such—Admissions—Evidence Reviewed—Sufficiency.**
    In a suit for damages for negligence of defendant auto

driver, evidence reviewed upon rehearing, and former opinion confirmed.

**2. Same—Damages for Negligence—Instructions Concerning Witness' Version of Admission—Former Opinion Qualified.**

On rehearing, former statement in the opinion, concerning instructions of trial court as to evidence in nature of admissions, modified, wherein reference was made to the meaning intended to be conveyed by witnesses concerning defendant's admissions in testifying concerning whether defendant's agent was or not acting for him at the time of the accident complained of; it being a question of veracity, rather than one of accuracy of witness' recollection.

**3. Same—Negligence—Prudential Running of Auto—Speed Ordinance Immateriality of—Instructions.**

Whether defendant in a suit for damages resulting from an accident, acted prudently or with due regard for safety of others, or was driving at a dangerous rate of speed, depended not upon the statute nor the city ordinances, but upon surrounding circumstances. Former opinion adhered to.

Appeal from Circuit Court, Brown County. Hon. THOMAS L. BOUCK, Judge.

Upon rehearing. Former opinion (38 S. D. 360, 161 N. W. 343) adhered to, and judgment and order appealed from reversed.

*G. H. Fletcher,* and *L. T. Van Slyke,* for Appellant.

*Williamson & Williamson,* and *Campbell & Walton,* for Respondents.

POLLEY, J. This case was before the court for determination at a former term, and will be found reported in 38 S. D. 360, 161 N. W. 343, and reference is made to said report for a statement of the case. Counsel, in their argument on rehearing, question the correctness of the statement of facts contained in the opinion as above reported, but, upon a re-examination of the evidence as set forth in the printed briefs, we are fully satisfied with the statement contained in our former opinion.

[1] We are also satisfied with the conclusion reached relative to the instructions of the court, though perhaps we were not sufficiently explicit in one particular. In considering the testimony referred to in the instructions, we said:

"In this case there is no question as to the correctness of the testimony of the witnesses or of any misunderstanding by them

of the meaning intended to be conveyed by the defendants in making said statements."

What we meant to say was that there is no question of the correctness of the witness' narration of what he claims the defendant told him. Defendant denies that he said anything at all to the witness. Therefore it is not a question of the accuracy of the witness' recollection of what the defendant said, but a question of veracity as to whether he said anything at all. Had it been a mere question of recollection or accuracy of statement, then the rule invoked by respondent would apply.

[2, 3] We believe our views on the other instruction complained of are fully covered by what is said in the former opinion. This instruction reads as follows:

"And if you find that the defendant Whaley was acting in such a manner as a prudent person would act under like circumstances, and with due regard for the safety of the persons who were gathered at the place where the accident occurred, and was not driving his automobile at a dangerous rate of speed, or faster than is permitted by the laws of this state, which is ten miles an hour, then your verdict should be for the defendant."

It is strenuously argued by respondents that this instruction correctly states the law and is fair to appellant; that under this instruction, in order to find for the defendants, the jury must find that the respondent Whaley was acting in such a manner as a prudent person would act under like circumstances, with due regard to the safety of the persons who were gathered at the place of the accident, and was not driving his automobile at a dangerous rate of speed. This would be true, were it not for the qualifying clause at the end of the instruction, to-wit, "or faster than is permitted by the law of this state, which is ten miles an hour;" but by the addition of this clause the jury was clearly given to understand that said defendant was acting prudently and with due regard for the safety of others, and was not driving at a dangerous rate of speed, so long as he did not exceed ten miles an hour. This is not the law. Whether he acted prudently, or with due regard for the safety of others, or was driving at a dangerous rate of speed, depended, not upon the statute nor the city ordinance, but upon the surrounding circumstances at the particular time. What would be a perfectly safe

and prudent rate of speed on a country road, where there were few, if any, other travelers, would be a reckless and dangerous rate of speed on a crowded thoroughfare or city street.

The former opinion of the court is adhered to, and the judgment and order appealed from are reversed.

WHITING, J. (dissenting). I am unable to agree with my colleagues as to the proper construction to be placed upon the instructions quoted in the majority opinion. My colleagues seem to be of the opinion that the words "faster than is permitted by the laws * * *" (meaning the statute laws) define and limit what is "a dangerous rate of speed"—that the court was in effect telling the jury that they could not hold the rate of speed to be dangerous unless it was greater than that "permitted by the laws. * * *" I am of the opinion that the words "faster than is permitted by the laws * * *" has no reference to, and does not in any manner define or limit, "a dangerous rate of speed," but declares an entirely separate test that must be found in favor of Whaley before the jury could absolve him from blame—that, under such instruction, (1) if the jury believed Whaley was running at a speed "faster than is permitted by the laws, * * *" although it believed he was not running at "a dangerous rate of speed," or (2) if the jury found that he was running at "a dangerous rate of speed," though not "faster than is permitted by the laws. * * *" it, in either case, was bound to hold Whaley liable.

McCOY, J., not sitting.